IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

-------------------------------------------------------X

| | | |
|---|---|---|
| BEATRIZ ALMEIDA GARCIA & | : | Case No. |
| HELEN JONES, individually and on | : | |
| behalf of all others similarly situated, as | : | |
| situated, as Collective representatives, | : | |
| | : | **COMPLAINT AND** |
| Plaintiffs, | : | **JURY DEMAND** |
| | : | |
| v. | : | |
| | : | |
| TALGOOD ENTERPRISES, LLC d/b/a | : | |
| SENIOR HELPERS, & TALGOOD | : | |
| ENTERPRISES II, LLC, | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------X

## PLAINTIFFS' COLLECTIVE ACTION COMPLAINT

Plaintiffs BEATRIZ ALMEIDA GARCIA and HELEN JONES, individually and on behalf of all others similarly situated, by their attorneys, Shavitz Law Group, P.A., allege as follows:

### NATURE OF THE ACTION

1.     This lawsuit seeks to recover overtime compensation for Plaintiffs and similarly situated individuals who have worked as Certified Nursing Assistants, Home Health Aides, Licensed Practical Nurses, or in comparable roles with different titles outside of private homes (collectively, "Health Service Worker" or "HSW") for TALGOOD ENTERPRISES, LLC d/b/a SENIOR HELPERS and TALGOOD ENTERPRISES II, LLC (together, "Defendants" or "Talgood") anywhere in Florida.

2.     Talgood provides healthcare services to patients both inside and outside patients' private homes, such as, for example, in assisted living facilities.

3.      Until in or about October 2015, Talgood did not pay Plaintiffs and similarly situated HSWs overtime at time and one-half of their regular rates of pay for their hours worked in excess of 40 each workweek.  Instead, Talgood paid Plaintiffs and similarly situated HSWs for hours in excess of 40 at a lesser hourly rate, in violation of the law.  By the conduct described herein, Talgood has willfully violated the Fair Labor Standards Act.

4.      Plaintiffs bring this action on behalf of themselves and similarly situated current and former HSWs of Defendants nationwide who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, ("FLSA") and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendants that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

## THE PARTIES

### *Plaintiff Beatriz Almeida Garcia*

5.      Plaintiff Beatriz Almeida Garcia is an adult individual who is a resident of Palm Beach Gardens, Florida.

6.      Garcia was employed by Defendants from approximately February 2015 to approximately August 2015 in Florida as a Certified Nursing Assistant.  Garcia worked outside of patients' private homes in an assisted living facility called Allegro Senior Living in Jupiter, Florida from about April 2015 to August 2015.

7.      Pursuant to Defendants' policy, pattern, and/or practice, Garcia regularly worked more than 40 hours in a workweek, but was not compensated for all overtime hours worked at the lawful overtime rate for her work outside of patients' private homes.

- 2 -

8.     At all times relevant hereto, Garcia was a covered employee within the meaning of the FLSA.

***Plaintiff Helen Jones***

9.     Plaintiff Helen Jones is an adult individual who is a resident of Lake Park, Florida.

10.     Jones is currently employed by Defendants as a Home Health Aide and has worked for Defendants outside of patients' private homes in an assisted living facility called Allegro Senior Living in Jupiter, Florida since approximately October 2014.

11.     Pursuant to Defendants' policy, pattern, and/or practice, Jones regularly worked more than 40 hours in a workweek, but was not compensated for all overtime hours worked at the lawful overtime rate for her work.

12.     At all times relevant hereto, Jones was a covered employee within the meaning of the FLSA.

***Defendants***

13.     TALGOOD ENTERPRISES, LLC is a Florida limited liability company with a principal place of business in North Palm Beach, Florida.

14.     TALGOOD ENTERPRISES II, LLC is a Florida limited liability company with a principal place of business in Stuart, Florida.

15.     At all relevant times, Defendants were and are employers within the meaning of the FLSA.

16.     Throughout the relevant period, Defendants employed Plaintiffs and other HSWs within the meaning of the FLSA.  Defendants have had substantial control over Plaintiffs' and other HSWs' working conditions, their compensation, their hours worked, and the unlawful

policies and practices alleged herein.

17.     At all times relevant, Defendants maintained control, oversight and direction over Plaintiffs and other HSWs, including timekeeping, payroll and other employment practices that applied to them.

18.     Defendants apply the same employment policies, practices, and procedures to all HSWs.

19.     At all times relevant, Defendants' annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and 29 U.S.C. § 216(b) for Plaintiffs' FLSA claims.

21.     Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## COMMON FACTUAL ALLEGATIONS

22.     Throughout their employment with Defendants, Plaintiffs and other HSWs regularly worked in excess of 40 hours per week for Defendants' benefit.  For example, during the two-week pay period from August 10, 2015 to August 23, 2015, Plaintiff Garcia worked 118.50 hours.  However, Defendants did not pay Plaintiff Garcia overtime at time and one-half of her regular rate of pay for the overtime hours she worked during that pay period.

23.     During the same two-week pay period from August 10, 2015 to August 23, 2015, Plaintiff Jones worked 173.50 hours.  However, Defendants did not pay Plaintiff Jones overtime

at time and one-half of her regular rate of pay for the overtime hours she worked during that pay period.

24.     Plaintiffs and other HSWs were not paid for all overtime hours worked at time and one-half of their regular rates of pay until in or about October 2015 in violation of the FLSA.

25.     In about October 2015, Defendants changed their overtime pay practice for HSWs and now pays overtime at time and one-half of HSWs' regular rates of pay.

26.     Defendants was aware that Plaintiffs and other HSWs worked more than 40 hours per workweek, yet Defendants failed to pay them overtime compensation at time and one-half of their regular rates of pay for all of the hours worked over 40 in a workweek.

27.     All of the work that Plaintiff and other HSWs performed was assigned by Defendants and/or Defendants has been aware of all of the work that Plaintiffs and other HSWs performed.

28.     Upon information and belief, Defendants' unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

29.     Defendants was aware, or should have been aware, that federal laws required them to pay Plaintiffs and other HSWs overtime compensation at time and one-half of their regular rates of pay for all hours worked in excess of 40 per week.

30.     Defendants' failure to pay Plaintiff and other HSWs overtime was willful. Upon information and belief, Defendants did not analyze whether Plaintiffs and other HSWs were paid for all overtime hours worked at time and one-half of their regular rates of pay. Defendants did not take steps to ensure that their compensation practices with respect to Plaintiffs and other HSWs complied with federal law. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

31.     Plaintiffs brings the First Cause of Action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Defendants as HSWs in Florida, on or after November 24, 2012 and until the date upon which Defendants began to pay overtime wages to HSWs at time and one-half of their regular rates of pay, who elect to opt-in to this action (the "FLSA Collective").

32.     All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants has been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

33.     As part of their regular business practice, Defendants has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to willfully failing to pay Plaintiffs and the members of the FLSA Collective overtime wages for all hours that they worked in excess of 40 hours per workweek at time and one-half of their regular rates of pay.

34.     Defendants are aware or should have been aware that federal law required them to pay Plaintiffs and the members of the FLSA Collective, an overtime premium for all hours they worked in excess of 40 per workweek.

35.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

### FIRST CAUSE OF ACTION
#### Fair Labor Standards Act – Overtime Wages
#### (Brought on behalf of Plaintiffs and the FLSA Collective)

36.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

- 6 -

37.     Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

38.     Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

39.     At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

40.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendants.

41.     Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

42.     At all relevant times, Plaintiffs and other similarly persons are, or were, employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

43.     Defendants failed to pay Plaintiffs and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

44.     Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.  Defendants failed to make a good faith effort to comply with the FLSA with respect to their compensation of Plaintiffs and other similarly situated current and former employees.

45.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

46.     As a result of Defendants' willful violations of the FLSA, Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

47.     As a result of the unlawful acts of Defendants, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.     That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to the FLSA Collective members. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.     Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.     Pre-judgment and post-judgment interest as provided by law;

D.     Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

E.     Attorneys' fees and costs of the action; and

F.     Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated:  November 24, 2015
       Boca Raton, Florida

Respectfully submitted,

Gregg I. Shavitz
SHAVITZ LAW GROUP, P.A.
1515 South Federal Highway, Suite 404
Boca Raton, Florida 33432
Tel:     (561) 447-8888
Fax:    (561) 447-8831

Michael J. Palitz*
SHAVITZ LAW GROUP, P.A.
830 3rd Avenue, 5th Floor
New York, NY 10022
Tel:     (800) 616-4000
Fax:    (561) 447-8831

*Attorneys for Plaintiff and the Putative Collective Members*

*to apply for admission *pro hac vice*

## CONSENT TO JOIN FORM

       1.      I consent to opt-in to be a party plaintiff in a lawsuit against Defendant(s), TALGOOD ENTERPRISES, LLC , and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

       2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

       3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:

DE4A42E2C95E454...

Signature


Beatriz Almeida Garcia

Print Name

## CONSENT TO JOIN FORM

1.      I consent to opt-in to be a party plaintiff in a lawsuit against Defendant(s), TALGOOD ENTERPRISES, LLC , and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:

*Helen Jones*

05B0BA23079241A...

Signature

Helen Jones

Print Name