UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-CV-81613-VALLE

CONSENT CASE

BEATRIZ ALMEIDA GARCIA, *et al.*,

    Plaintiffs,

v.

TALGOOD ENTERPRISES, LLC, *et al.*,

    Defendants.
_____/

ORDER APPROVING SETTLEMENT
AGREEMENT AND DISMISSING CASE WITH PREJUDICE

THIS MATTER is before the Court on the parties' Stipulation for Dismissal with Prejudice (ECF No. 51) (the "Stipulation"). Pursuant to the parties' consent, this case is before the undersigned for all proceedings, including trial and entry of final judgment. *See* (ECF Nos. 48 and 50).

This is a Fair Labor Standards Act ("FLSA")[1] case in which Plaintiffs have sued Defendants to recover alleged unpaid overtime compensation. *See* (ECF No. 1). On April 6 and April 11, 2016, the parties attended a settlement conference before the undersigned and settled the case. *See* (ECF Nos. 44 and 49). The material terms of the settlement were stated on the record. The parties have since reduced their settlement to writing and, on April 22, 2016, filed the Stipulation (ECF No. 51), which requires the Court's approval of their written Settlement Agreement under 29 U.S.C. § 216(b).

---

[1] 29 U.S.C. § 201 *et seq.*

Before a court may approve a settlement of FLSA claims, the court must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). In doing so, courts consider various factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-60322-CIV, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1233 (M.D. Fla. 2010). In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354.

Here, the parties have submitted their Settlement Agreement for the Court's review. In scrutinizing the Settlement Agreement, the undersigned has considered the above factors, the overall strengths and weaknesses of the parties' respective positions, and the parties' desire to resolve this case sooner rather than later to avoid the costs and uncertainty of litigation. The Court has also considered that Plaintiffs' claim was disputed as to liability and amount and that all parties were represented by counsel. Lastly, the Settlement Agreement specifies the portion of the settlement amount that is designated for wages, damages, and attorneys' fees and costs. Accordingly, the Court finds that the Settlement Agreement is a fair and reasonable resolution of a bona fide FLSA dispute.

In addition, the Court has reviewed "the reasonableness of [Plaintiffs'] counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 Fed. App'x 349, 351 (11th Cir. 2009). Having done so, the Court finds that the amount of the settlement proceeds attributable to Plaintiffs' counsel's legal fees is reasonable.[2]

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

(1) The parties' Settlement Agreement and Stipulation for Dismissal (ECF No. 51) are **APPROVED**, and this case is **DISMISSED WITH PREJUDICE**.

(2) The Court retains jurisdiction for 15 months from the date of this Order to enforce the terms of the Settlement Agreement.

(3) The Clerk of Court is directed to **CLOSE** this case and deny any pending motions as moot.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida on April 27, 2016.

*/s/ Alicia O. Valle*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: All Counsel of Record

---

[2] Although the amount of the settlement proceeds that is to be paid to Plaintiffs' counsel exceeds what Plaintiffs are to receive, the undersigned does not find this amount to be unreasonable under the circumstances of this case. *See Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1313 (S.D. Fla. 2009) (explaining that in FLSA cases, "it is not uncommon for fee awards to exceed the plaintiff's recovery in order to ensure that individuals with relatively small claims can obtain representation necessary to enforce their rights").